**Macco & Stern LLP**
*Proposed Attorneys for the*
*Debtors and Debtors-in-Possession*
135 Pinelawn Road, Suite 120 South
Melville, NY 11747

**Hearing Date:** **10/7/15**
**Time:**                **12:00 p.m.**

**Objections Due: 10/2/15**
**Time:**                **4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:                                                            Chapter 11

Carman Development Corp.                      Case No.: 8-14-75672 (AST)

                                        Debtor.

------------------------------------------------------------------X

## NOTICE OF HEARING TO CONSIDER FIRST
## AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION

**PLEASE TAKE NOTICE,** that Keen-Summit Capital Partners LLC as Broker to Carman

Development Corp., the above-referenced debtor and debtor-in-possession, by and through their

counsel, Macco & Stern, LLP, will move before the Honorable Alan S. Trust, United States

Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza,

Central Islip, New York, Room 960, on **October 7, 2015 at 12:00 p.m.,** or as soon thereafter as

counsel can be heard, to consider the fee application of Keen-Summit Capital Partners LLC,

brokers for the Debtor.  The request for fees as set forth below represents the sums due and owing

and are subject to the approval of the United States Bankruptcy Court:

> **KEEN-SUMMIT CAPITAL PARTNERS LLC**
> *Broker for the Debtors*
> Commissions Requested.............................................$ 63,750.00
> Disbursements Requested........................................$  7,600.50
> Total............................................................................$ 71,350.50

**PLEASE TAKE FURTHER NOTICE,** that copies of the aforesaid application for

compensation will be on file with the Clerk of the Court and can be viewed and examined by any

interested party during regular business hours as designated by the Clerk of Court at the Clerk's

Office of the US Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, 2nd Floor, Central Islip, New York 11722. Copies are also available online at the Court's website through the ECF/PACER system at www.nyeb.uscourts.gov. A PACER password and access fee may be required for the use of this system. A copy of the applications will also be available for inspection at the offices of Macco & Stern, LLP upon request.

**PLEASE TAKE FURTHER NOTICE,** that objections to said applications must be made in writing and filed with the Court and served upon each of the respective applicants so as to ensure actual receipt no later than **October 2, 2015 at 4:00 p.m**.

Dated: September 1, 2015
      Melville, NY

                                          **MACCO & STERN, LLP**
                                          Attorneys for the Debtors

By:                                       _____
                                        Cooper J. Macco
                                        A Member of the Firm
                                        135 Pinelawn Road, Suite 120 South
                                        Melville, New York 11747
                                        (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
*In re*

                                                    Chapter 11

CARMAN DEVELOPMENT CORP.                    Case No. : 14-775672 (AST)

                            Debtor.
--------------------------------------------------------X


| | |
|---|---|
| Applicant: | Keen-Summit Capital Partners LLC |
| Authorized to Provide Professional Services to: | Carman Development Corp. |
| Date of Retention: | May 15, 2015 |
| Period for which Compensation is sought and Expenses Incurred: | June 1, 2015 through August 21, 2015 |
| Amount of Compensation: | $63,750.00 |
| Amount of Expenses Incurred: | $7,600.50 |


## FIRST AND FINAL FEE APPLICATION OF KEEN-SUMMIT CAPITAL PARTNERS LLC AS BROKER TO CARMAN DEVELOPMENT CORP.

Keen-Summit Capital Partners LLC ("Keen"), broker to Carman Development Corp. ("Debtor"), respectfully submits its First and Final Fee Application (the "Application") in connection with professional services provided by Keen for the benefit of the Debtor.

I.      **KEEN'S BACKGROUND AND RETENTION**

A.      Keen has extensive experience and expertise in the analysis, marketing, disposition and settlement of claims relating to the real estate and leasehold interests of companies in bankruptcy proceedings.

B.      Keen was retained by the Debtor pursuant to the Amendment to Retention Agreement dated (the "Retention Amendment"), a copy of which is attached hereto as Exhibit "A",

and the Supplemental Application for an Order Authorizing the Retention of Keen-Summit Capital Partners LLC as Broker for the Debtors' Estates dated May 15, 2015 (the "Retention Application"), a copy of which is attached hereto as Exhibit "B", and the Supplemental Order Authorizing the Retention of Keen-Summit Capital Partners LLC dated June 4, 2015 (the "Retention Order"), a copy of which is attached hereto as Exhibit "C", to perform marketing services in connection with 865 Carman Avenue, Westbury, NY (the "Property").

C.    Keen had been previously retained under Bankruptcy Court Order by Robert L. Pryor, Chapter 7 Trustee to various debtors, and other Chapter 11 debtors, all related to the Debtor, to market and sell at auction various gas station and convenience-store lease and franchise agreements.

D.    Prior to Keen's retention the Debtor entered into an agreement to sell the Property for one million five hundred thousand dollars ($1,500,000) (the "Stalking Horse Agreement") to PM Sun Sea Realty LLC (the "Stalking Horse Buyer").

E.    Pursuant to the Retention Order Keen was to market the Property in an attempt to solicit higher and better offers that are (1) all cash; (2) are ready to close upon approval of the Court; (3) have an initial overbid of $75,000; and (4) have subsequent overbids of $25,000.

## II.    KEEN'S MARKETING AND DISPOSITION EFFORTS

A.    The following is a brief summary of Keen's marketing efforts with respect to the Property.

1.    Internet Advertisements:

a)    Ads were placed on the National Association of Convenience Store website for a period of two weeks commencing on June 8.

      b) Ads were placed in the "Advertisers Spotlight e-Alert" distributed by Long Island Business News beginning on June 8 through June 20.

      c) Ads were placed on the Convenience Store News & Petroleum website on June 9, June 15, and June 16.

2.    Broadcast Email Campaigns:

      a) An email with a Flyer summarizing the offering was sent to contacts in Keen's proprietary database on June 2 and again on June 16.

      b) Emails to subscribers of "Dealmaker's Forums" were disseminated to forum members on or about June 3.

      c) An email was distributed to members of the Long Island Gas Retailers Association ("LIGRA") on or about June 3 and again during the week of June 8.

      d) An email was distributed to members of the Gas and Automotive Service Dealers of America ("GASDA") on June 5.

3.    Internet Listings:

      a) The Property was posted to Keen's website on June 1.

      b) The Property was submitted to CoStar and Loopnet to be posted to their respective sites on June 1. In addition, the Property was included as a "platinum listing" on Loopnet and "showcased" on CoStar, providing improved visibility of the Property's listing on both sites.

      c) The Property was also posted on the LIGRA and GASDA websites on or about June 3.

4.    In addition, Keen diligently followed up with all prospective bidders by phone, email and in in-person meetings to answer questions regarding the Property and bid process.

B.      Keen incurred expenses in the amount of seven thousand six hundred dollars and fifty cents ($7,600.50) in connection with its marketing and disposition efforts. A schedule of expenses incurred is attached hereto as Exhibit "D".

## III.    RESULTS OF KEEN'S MARKETING AND DISPOSITION EFFORTS

A.      Approximately 50 parties expressed interest in the Property.

B.      A bid deadline of June 30 was established (the "Deadline"), and at the Deadline two bids were presented – one from Mr. N.J. Bartolomeo who presented a bid of one million six hundred thousand dollars $1,600,000; and another from Mr. Amrik Chawla, who presented a bid of one million five hundred seventy-five thousand dollars $1,575,000 – providing three qualified bidders (collectively, the "Bidders"), inclusive of the Stalking Horse Buyer.

C.      On July 1, prior to the bankruptcy court hearing to approve the sale of the Property, Keen conducted an auction during which the Bidders actively participated, and ultimately, Mr. Chawla prevailed as the successful bidder at a price of one million eight hundred and seventy-five thousand dollars ($1,875,000), an increase of three hundred seventy-five thousand dollars ($375,000) from the purchase price of the Stalking Horse Agreement (the "Overage").

## IV.    COMMISSIONS FOR SALE OF PROPERTIES

A.      Pursuant to the terms of the Retention Amendment, Keen is to have earned an Advisory Fee of seven thousand five hundred dollars ($7,500) as well as a Transaction Fee equal to fifteen percent (15%) of the Overage. The Retention Application incorrectly provides for Keen's commission to be the greater of seven thousand five hundred dollars or 15% of the Overage.

B.      Under the terms of the Retention Amendment, Keen's commission is sixty-three thousand seven hundred fifty dollars ($63,750).

V.    **CONCLUSION**

A.    As outlined herein, the Retention Amendment and Retention Application provide for different calculations of Keen's commissions.

B.    Keen is seeking approval of the commission as provided for in its Retention Amendment, which compensation is based on customary compensation sought by comparably skilled practitioners in transactions of this nature.

C.    Keen respectfully submits that the compensation sought was earned in accordance with the terms and conditions of the Retention Amendment, Retention Application and Retention Order, and is fair and reasonable in light of its efforts.

D.    Based upon the foregoing, Keen respectfully submits that the commission earned and as set forth herein is fair and reasonable and should be approved.

WHEREFORE, KEEN prays for the entry of an Order:

    a.   Approving commissions with regard to marketing and disposition services rendered in connection with the Property in the amount of sixty-three thousand seven hundred fifty dollars ($63,750);

    b.   Approving expenses incurred in the amount of seven thousand six hundred dollars and fifty cents ($7,600.50);

    c.   Granting such further relief as this Court may deem just and equitable.

Dated:  August 14, 2015
       Melville, New York

KEEN-SUMMIT CAPITAL PARTNERS LLC

By: _____
     Matthew Bordwin
     Co-President
     1 Huntington Quadrangle
     Suite 2C04
     Melville, NY 11747
     Real Estate Advisor to the Debtors

EXHIBIT A

## AMENDMENT TO RETENTION AGREEMENT

THIS AMENDMENT TO RETENTION AGREEMENT (this "Amendment") is entered into as of the _____ day of _____, 2015 by and between CARMAN DEVELOPMENT CORP. ("Company"), and KEEN-SUMMIT CAPITAL PARTNERS LLC ("Keen").

### BACKGROUND:

A.    Company and Keen entered into that certain Retention Agreement dated January 14, 2015 (the "Agreement") and approved by Court Order January 30, 2015, regarding certain real estate services to be performed for the related Debtors: Wheeler Development LLC, Airport Development Corp., Smithtown Development Corp., Brentwood Development Corp., Ronkonkoma Development Corp., Islandia Development Corp., Oceanside Enterprises Inc., Islip Development Corp., and Westbury Enterprises Inc.

B.    Company and Keen desire to enter into this Amendment to engage Keen to perform marketing services for the Property owned by Company.

C.    The defined terms used in this Amendment, as indicated by the initial capitalization thereof, shall have the same meaning ascribed to such terms in the Agreement, unless otherwise specifically defined herein.

**NOW, THEREFORE**, for and in consideration of the mutual covenants, agreements and undertakings herein set forth and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Company and Keen hereby agree as follows:

1.    Company has executed a stalking horse agreement to sell Company's Property located at 865 Carman Avenue, Westbury, NY. Keen is hereby engaged to market the property for higher/better bids.

2.    Advisory Fee. $7,500 earned upon entry of a Court Order approving this Amendment and payable upon closing of a Transaction from Gross Proceeds.

3.    Transaction Fee. As and when Company closes a Transaction, whether such Transaction is completed individually or as part of a package or as part of a sale of all or a portion of Company's business or as part of a plan of reorganization or as a stalking horse transaction or as part of a private sale or auction, or an investment into Company then Keen shall have earned compensation per Transaction equal to:

- 15% of the Gross Proceeds in excess of the Stalking Horse Contract amount. For example, if the Stalking Horse Contract for the Property is $1,500,000 and the purchase price is raised to $2,000,000 Keen shall have earned 15% of the $500,000 overbid or $75,000.

4.    If the existing Stalking Horse Contract is terminated or nullified so that there is not a marketing process for higher and/or better but rather a sale/auction process without the existing Stalking Horse Contract, then in this case, Keen shall earn on a per Property basis 6% of Gross Proceeds.

5.    Marketing Expenses: With regards to the marketing of the Property, Keen shall prepare a marketing plan and budget. Following Company's written approval of the budget, Company shall advance to Keen the budgeted amount, not to exceed $7,500. Keen shall be under no obligation to incur marketing expenses until such time as Keen receives funds from Company.

6. <u>Ratification; Conflict</u>. All terms and conditions of the Agreement, as amended hereby, are hereby ratified and shall remain in full force and effect. If there is any conflict or inconsistency between the provisions of this Amendment and the Agreement, the provisions of this Amendment will control.

7. <u>Counterparts</u>. This Amendment may be executed in two or more counterparts. Furthermore, the parties agree that (i) this Amendment may be transmitted between them by electronic mail and (ii) electronic signatures shall have the effect of original signatures relative to First Amendment.

8. <u>Term</u>. The Term of the Agreement and this Amendment shall end the earlier to occur of the closing of the sale of the Property contemplated by this Amendment or 6 months from the Court Order approving this amendment.

**IN WITNESS WHEREOF**, the parties hereto have caused this First Amendment to be executed by persons duly empowered to bind the parties to perform their respective obligations hereunder the day and year first above written.

<u>COMPANY</u>:

**CARMAN DEVELOPMENT CORP.**

By: _____
Name: _____
Title: _____
Date: _____

<u>KEEN</u>:

**KEEN-SUMMIT CAPITAL PARTNERS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**EXHIBIT B**

**Macco & Stern LLP**
*Attorneys for the*
*Debtors and Debtors-in-Possession*
135 Pinelawn Road, Suite 120 South
Melville, NY 11747
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| Medford Development Corp. | Case No.: 8-14-75666 (AST) |
| Motor Parkway Enterprises Inc. | Case No.: 8-14-75667 (AST) |
| Airport Development Corp. | Case No.: 8-14-75683 (AST) |
| Wheeler Development LLC | Case No.: 8-14-75668 (AST) |
| Smithtown Development Corp. | Case No.: 8-14-75669 (AST) |
| Brentwood Development Corp. | Case No.: 8-14-75670 (AST) |
| Holbrook Development Corp. | Case No.: 8-14-75671 (AST) |
| Carman Development Corp. | Case No.: 8-14-75672 (AST) |
| Maple Avenue Hauppauge Dev. Corp. | Case No.: 8-14-75674 (AST) |
| Port Jefferson Development Corp. | Case No.: 8-14-75675 (AST) |
| Ronkonkoma Development Corp. | Case No.: 8-14-75676 (AST) |
| Islandia Development Corp. | Case No.: 8-14-75677 (AST) |
| Oceanside Enterprises Inc. | Case No.: 8-14-75678 (AST) |
| Islip Development Corp. | Case No.: 8-14-75679 (AST) |
| Westbury Enterprises Inc. | Case No.: 8-14-75680 (AST) |
| | |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------ X

## SUPPLEMENTAL APPLICATION FOR AN
## ORDER AUTHORIZING THE RETENTION OF KEEN-SUMMIT
## CAPITAL PARTNERS LLC AS BROKER FOR THE DEBTORS' ESTATES

TO:    **HONORABLE ALAN S. TRUST**
       **UNITED STATES BANKRUPTCY JUDGE**

Medford Development Corp., and its affiliated entities (collectively, the "Debtors"),[1] the

above-referenced debtors and debtors-in-possession, by and through their counsel, Macco &

---

[1] The Debtors, with associated case numbers, are as follows: (1) Medford Development Corp., 14-75666 (AST); (2) Motor Parkway Enterprises, Inc., 14-75667 (AST); (3) Airport Development Corp., 14-75683 (AST); (4) Wheeler Development LLC, 14-75668 (AST); (5) Smithtown Development Corp., 14-75669 (AST); (6) Brentwood Development Corp., 14-75670 (AST); (7) Holbrook Development Corp., 14-75671 (AST); (8) Carman

Stern, LLP, hereby submits this supplemental application (the "Supplement") seeking entry of an order authorizing the employment of Keen-Summit Capital Partners LLC ("Keen") pursuant to section 327 of title 11, United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to market certain non-residential real property owned by Carman Avenue Development Corp ("Carman"), and respectfully represents as follows:

**BACKGROUND**

1. On December 24, 2014 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On or about January 9, 2015, the Court entered an order jointly administering the Debtors' cases.

3. On January 29, 2015, the Debtors filed an application to retain Keen as the broker for the Debtors' estates as to the sale of substantially all of the assets of ten (10) Debtors (the "Retention Application").[2] The Retention Application is incorporated herein by reference.

4. By order (the "Retention Order"), dated January 30, 2015, the Court approved the Debtors' retention of Keen.

5. On March 3, 2015, the Debtors filed a motion (the "Sale Motion") to sell certain non-residential real property located at and known as 865 Carman Avenue, Westbury, NY 11590 (the "Real Property"), wholly owned by Carman.

---

Development Corp., 14-75672 (AST); (9) Maple Avenue Hauppauge Dev. Corp., 14-75674 (AST); (10) Port Jefferson Development Corp., 14-75675 (AST); (11) Ronkonkoma Development Corp., 14-75676 (AST); (12) Islandia Development Corp., 14-75676 (AST); (13) Oceanside Enterprises Corp., 14-75678 (AST); (14) Islip Development Corp., 14-75679 (AST); and (15) Westbury Enterprises Inc., 14-75680 (AST).
[2] All capitalized terms used but not herein defined shall have the meaning prescribed to them in the Retention Application.

6.      On May 11, 2015, at a hearing on the Sale Motion (the "Sale Hearing"), the Court directed the Debtors to market the Real Property in an effort to secure the highest and best offer.

7.      The Debtors are authorized to operate their businesses as debtors-in-possession under Bankruptcy Code §§1107 and 1108.  To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction to consider this application under 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for relief are Bankruptcy Code §327, and Bankruptcy Rules 2014.

## SALE OF THE REAL PROPERTY

9.      As stated in the Sale Motion, the Debtors believe that a sale of the Real Property will benefit to the Debtors' estates and creditors, while also maximizing the payment to the secured lender, New York Commercial Bank ("NYCX").

10.      Pursuant to a pre-Petition Date contract of sale (the "Stalking Horse Contract"), PM Sun realty LLC ("Sun Realty") has agreed to purchase the Real Property for One Million Five Hundred and 00/100 ($1,500,000.00) Dollars.

11.      At the Sale Hearing, the Court instructed the Debtors to market the Real Property pursuant to the terms included in a Notice of Sales, annexed to the Sale Motion as Exhibit B, including the following terms: (1) all cash offers; (2) ready to close upon Court approval of the proposed purchaser and purchase price; (3) initial overbid of $75,000; and (4) subsequent overbids in $25,000 increments.

12.     Based on Keen's exceptional performance in the sale of substantially all of the assets of ten (10) Debtors, as well as their knowledge of the intricacies of this bankruptcy case, the Debtors believe that Keen is in the best position to market the Real Property. Additionally, Keen has extensive experience as a commercial real estate broker, advisor, and investment banker in bankruptcy and workout situations. Keen, and its predecessor firms, have been a leading advisory and brokerage firm in bankruptcies and restructurings across the country. The principals of Keen are frequent speakers on industry topics, have been featured in recognized national publications, and have been quoted numerous time as experts in their industry.

13.     The Debtors and Keen negotiated an amendment to the retention agreement (the "Amendment") previously approved by the Court in its Retention Order. A copy of the Amendment is annexed hereto as **Exhibit A.**

14.     The Amendment provides that Keen shall receive a commission of the greater of (a) Seven Thousand Five-Hundred and 00/100 ($7,500.00) Dollars; or (b)(1) fifteen (15%) percent of the gross proceeds in excess of the Stalking Horse Contract, or (2) six (6%) percent of the gross proceeds if the Stalking Horse Contract is terminated. The Court and all interested parties are referred to the Amendment for its precise terms.

15.     To the best of the Debtors' knowledge, information and belief, Keen has no connection with the Debtors' creditors or with any other party other than those listed on the declaration of Matthew Bordwin, annexed to the Retention Application as Exhibit B, and supplemented by declaration of Matthew Bordwin, dated March 2, 2015 (collectively, the "Bordwin Declaration"). The Court and all interested parties are referred to the Retention Application and the Bordwin Declaration, both filed on the Court's electronic docket.

16.     Keen has no adverse interest to the Debtors' estates and will provide valuable services to the Debtors in connection with the sale the Real Property. The Debtors believe that the retention of Keen should be approved by the Court.

17.     Given the transactional nature of Keen's engagement, Keen will not be billing the Debtors by the hour and will not be keeping time records of time spent for professional services in these chapter 11 cases, unless Keen is providing hourly services specified in the Amendment. Keen will keep reasonably detailed descriptions of the services that were rendered.

18.     Given the transactional nature of the Keen's services and fee structure, Keen seeks relief from complying with fee application requirements and shall be compensated in accordance with the procedures set forth in the Retention Order, this Supplement, and the Amendment, as well as any such procedures as may be fixed by the Court.

19.     Based on the foregoing, the Debtors submit that the retention of Keen is in the best interests of the Debtors' estates and creditors, and seek Court approval to enter into the Amendment substantially in the form annexed to the Application.

20.     A previous request for similar request relief was made before this Court by the Retention Application, but it did not cover the sale of the Real Property. Accordingly, the Debtors believe that this Application is required as well.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order authorizing the Debtors to: (a) retain Keen as a broker for the Debtors, pursuant to the terms and conditions set forth in the Retention Agreement, as amended in the Amendment; (b) enter the Amendment substantially in the form annexed to the Application; and (c) granting such other, further, and different relief as the Court deems just and proper.

Dated: May __ 2015
       Melville, New York

MACCO & STERN, LLP
Attorneys for the Debtors

By: _____
      Michael J. Macco
      135 Pinelawn Road, Suite 120 South
      Melville, New York 11747
      (631) 549-7900

# EXHIBIT A

## AMENDMENT TO RETENTION AGREEMENT

THIS AMENDMENT TO RETENTION AGREEMENT (this "Amendment") is entered into as of the _____ day of _____, 2015 by and between CARMAN DEVELOPMENT CORP. ("Company"), and KEEN-SUMMIT CAPITAL PARTNERS LLC ("Keen").

### BACKGROUND:

A.    Company and Keen entered into that certain Retention Agreement dated January 14, 2015 (the "Agreement") and approved by Court Order January 30, 2015, regarding certain real estate services to be performed for the related Debtors: Wheeler Development LLC, Airport Development Corp., Smithtown Development Corp., Brentwood Development Corp., Ronkonkoma Development Corp., Islandia Development Corp., Oceanside Enterprises Inc., Islip Development Corp., and Westbury Enterprises Inc.

B.    Company and Keen desire to enter into this Amendment to engage Keen to perform marketing services for the Property owned by Company.

C.    The defined terms used in this Amendment, as indicated by the initial capitalization thereof, shall have the same meaning ascribed to such terms in the Agreement, unless otherwise specifically defined herein.

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements and undertakings herein set forth and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Company and Keen hereby agree as follows:

1.    Company has executed a stalking horse agreement to sell Company's Property located at 865 Carman Avenue, Westbury, NY. Keen is hereby engaged to market the property for higher/better bids.

2.    Advisory Fee. $7,500 earned upon entry of a Court Order approving this Amendment and payable upon closing of a Transaction from Gross Proceeds.

3.    Transaction Fee. As and when Company closes a Transaction, whether such Transaction is completed individually or as part of a package or as part of a sale of all or a portion of Company's business or as part of a plan of reorganization or as a stalking horse transaction or as part of a private sale or auction, or an investment into Company then Keen shall have earned compensation per Transaction equal to:
    - 15% of the Gross Proceeds in excess of the Stalking Horse Contract amount. For example, if the Stalking Horse Contract for the Property is $1,500,000 and the purchase price is raised to $2,000,000 Keen shall have earned 15% of the $500,000 overbid or $75,000.

4.    If the existing Stalking Horse Contract is terminated or nullified so that there is not a marketing process for higher and/or better but rather a sale/auction process without the existing Stalking Horse Contract, then in this case, Keen shall earn on a per Property basis 6% of Gross Proceeds.

5.    Marketing Expenses: With regards to the marketing of the Property, Keen shall prepare a marketing plan and budget. Following Company's written approval of the budget, Company shall advance to Keen the budgeted amount, not to exceed $7,500. Keen shall be under no obligation to incur marketing expenses until such time as Keen receives funds from Company.

6.      <u>Ratification; Conflict</u>.  All terms and conditions of the Agreement, as amended hereby, are hereby ratified and shall remain in full force and effect. If there is any conflict or inconsistency between the provisions of this Amendment and the Agreement, the provisions of this Amendment will control.

7.      <u>Counterparts</u>.  This Amendment may be executed in two or more counterparts. Furthermore, the parties agree that (i) this Amendment may be transmitted between them by electronic mail and (ii) electronic signatures shall have the effect of original signatures relative to First Amendment.

8.      <u>Term</u>.  The Term of the Agreement and this Amendment shall end the earlier to occur of the closing of the sale of the Property contemplated by this Amendment or 6 months from the Court Order approving this amendment.

**IN WITNESS WHEREOF,** the parties hereto have caused this First Amendment to be executed by persons duly empowered to bind the parties to perform their respective obligations hereunder the day and year first above written.

<u>COMPANY</u>:

**CARMAN DEVELOPMENT CORP.**

By: _____
Name: _____
Title: _____
Date: _____

<u>KEEN</u>:

**KEEN-SUMMIT CAPITAL PARTNERS LLC**

By: _____
Name: _____
Title: _____
Date: _____

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:                                                          Chapter 11

Medford Development Corp.                          Case No.: 14-75666 (AST)
Motor Parkway Enterprises Inc.                     Case No.: 14-75667 (AST)
Airport Development Corp.                          Case No.: 14-75683 (AST)
Wheeler Development LLC                            Case No.: 14-75668 (AST)
Smithtown Development Corp.                        Case No.: 14-75669 (AST)
Brentwood Development Corp.                        Case No.: 14-75670 (AST)
Holbrook Development Corp.                         Case No.: 14-75671 (AST)
Carman Development Corp.                           Case No.: 14-75672 (AST)
Maple Avenue Hauppauge Dev. Corp.                 Case No.: 14-75674 (AST)
Port Jefferson Development Corp.                   Case No.: 14-75675 (AST)
Ronkonkoma Development Corp.                       Case No.: 14-75676 (AST)
Islandia Development Corp.                         Case No.: 14-75677 (AST)
Oceanside Enterprises Inc.                        Case No.: 14-75678 (AST)
Islip Development Corp.                            Case No.: 14-75679 (AST)
Westbury Enterprises Inc.                          Case No.: 14-75680 (AST)

                          Debtors.                 (Jointly Administered)

------------------------------------------------------------------X

### *SUPPLEMENTAL* ORDER AUTHORIZING THE RETENTION OF KEEN-SUMMIT CAPITAL PARTNERS LLC AS BROKER FOR THE DEBTORS' ESTATES

Upon the supplemental application (the "Application"), dated January 23, 2015, of Medford Development Corp., and its affiliated entities (collectively, the "Debtors"),[1] the above-referenced debtors and debtors-in-possession, by and through their counsel, Macco & Stern, LLP, seeking entry of an order authorizing the employment of Keen-Summit Capital Partners LLC ("Keen") pursuant to section 327 of title 11, United States Code (the "Bankruptcy Code"), and

---

[1] The Debtors, with associated case numbers, are as follows: (1) Medford Development Corp., 14-75666 (AST); (2) Motor Parkway Enterprises, Inc., 14-75667 (AST); (3) Airport Development Corp., 14-75683 (AST); (4) Wheeler Development LLC, 14-75668 (AST); (5) Smithtown Development Corp., 14-75669 (AST); (6) Brentwood Development Corp., 14-75670 (AST); (7) Holbrook Development Corp., 14-75671 (AST); (8) Carman Development Corp., 14-75672 (AST); (9) Maple Avenue Hauppauge Dev. Corp., 14-75674 (AST); (10) Port Jefferson Development Corp., 14-75675 (AST); (11) Ronkonkoma Development Corp., 14-75676 (AST); (12) Islandia Development Corp., 14-75676 (AST); (13) Oceanside Enterprises Corp., 14-75678 (AST); (14) Islip Development Corp., 14-75679 (AST); and (15) Westbury Enterprises Inc., 14-75680 (AST).

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to sell certain non-residential real property, located at and known as 865 Carman Avenue, Westbury, NY 11590; and upon the previously filed retention application, filed January 23, 2015; and upon the declaration of Matthew Bordwin, dated January 23, 2015; and upon the supplement declaration of Matthew Bordwin, dated March 2, 2015 (collectively, the "Retention Application"); and the order approving the Retention Application, dated January 30, 2015 (the "Retention Order"); and the service of the Retention Application and this Supplement, evidence of which is on file with the Court; and no other notice being necessary nor required by Bankruptcy Rule 2014; and no objections to the Supplement or the relief requested in the Order having been filed or received; and after due deliberation and sufficient cause appearing therefore; and Keen neither represents nor hold any interest adverse to the Debtors' estates in the matter in which it is to be retained; and Keen being a disinterested person as defined in the Bankruptcy Code; and Keen's employment being necessary and in the best interest of the Debtors and their estates herein; it is hereby;

**ORDERED**, that the Supplement is granted; and it is further

**ORDERED**, that, pursuant to Bankruptcy Code §327(a), the Debtors are hereby authorized to employ Keen to act as an agent to the Debtors to advertise, market, negotiate and coordinate the closing of the sale the sale of certain non-residential real property, located at and known as 865 Carman Avenue, Westbury, NY 11590, *nunc pro tunc*, May 15, 2015 and perform the services set for in the Application, including the Amendment to the Retention Agreement, attached to Application as **Exhibit A**; and it is further

**ORDERED**, that the Amendment, as defined by and annexed to the Supplement, is approved, and the Debtors are authorized to enter such agreement; and it is further

**ORDERED**, that Keen is required to file an application for compensation for any fees earned under the Amendment, and upon an order of the Court approving such application, Keen's fees shall be the greater of (i) $7,500 (as described in paragraph 2 of the Amendment), (ii) fifteen (15%) percent of the gross proceeds in excess of the Stalking Horse Contract (as described in paragraph 3 of the Amendment), or (iii) six (6%) percent of the gross proceeds of any sale if the Stalking Horse Contract is terminated (as described in paragraph 4 of the Amendment); and it is further

**ORDERED**, that the Debtors are authorized to take any and all steps necessary to effectuate this Order; and it is further

**ORDERED**, that Keen shall market the Real Property in an attempt to solicit higher and better offers that are (1) all cash; (2) are ready to close upon approval of the Court; (3) have an initial overbid of $75,000; and (4) have subsequent overbids of $25,000; and it is further

**ORDERED**, that prior to the hearing on approval of the sales, Keen shall file and serve upon, the Debtor, attorney for NYCX and the Office of the United States Trustee by e-mail, a statement indicating for each sale the final sale price, the amount of compensation sought, the calculation of such compensation and a list of all disbursements sought to reimbursed; and it is further

**ORDERED**, that none of the fees payable to Keen hereunder shall constitute a "bonus" under applicable law; and it is further

**ORDERED**, that Keen is exempt from the requirement to keep time records (unless Keen's services are being billed by the hour); and it is further

**ORDERED**, that Keen's fees and expenses shall be treated as administrative expense claims in the bankruptcy case; and it is further

**ORDERED**, that all request of Keen for payment of indemnity pursuant to the Retention Agreement and Amendment shall be made by means of an application and shall be subject to review by the Court to ensure that payment of such indemnity conforms with the Retention Agreement and Amendment and is reasonable under the circumstances of the litigation or settlement in respect to which indemnity is sought, provided, however, that in no event Keen be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty, negligence, gross negligence, willful misconduct, or intentional tort; and it is further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid to Keen for professional services rendered to the Debtors, except upon proper application and by further order of this Court following a hearing on notice pursuant to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**NO OBJECTION:**
Office of the United States Trustee


By:    */s/ Christine H. Black*



**Dated: June 4, 2015**                    _____
**Central Islip, New York**                        **Alan S. Trust**
                                          **United States Bankruptcy Judge**

EXHIBIT D

**Carman Development**
Schedule of Expenses

| Type | Invoice Date | Amount | Sub-Total |
|---|---|---|---|
| **Print Advertising:** | | | $ 6,619.00 |
| SMM Advertising (incl. production and placement of print and e-advertising) | 6/5/2015 | $ 6,619.00 | |
| | | | |
| **Email / Internet Marketing:** | | | $ 981.50 |
| Propertysend.com (PayPal) | 6/4/2015 | $ 129.00 | |
| EpropertyPush.com | 6/4/2015 | $ 40.00 | |
| PropertyBlast.com | 6/4/2015 | $ 159.00 | |
| Loopnet - Platinum Exposure for 30 Days | 6/9/2015 | $ 178.50 | |
| Long Island Gas Retailers Association | Pending | $ 350.00 | |
| Gas & Auto Service Dealers of America | Pending | $ 125.00 | |
| | | | |
| **Expense Total:** | | $ 7,600.50 | $ 7,600.50 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:                                                    Chapter 11

Carman Development Corp.                                   Case No.: 8-14-75672 (AST)

                          Debtors.

------------------------------------------------------------------X

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

      Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

      On September 1, 2015, deponent served the within **NOTICE OF HEARING TO CONSIDER FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION** upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722

All creditors and parties in interest
(see attached list)

                            _____
                               Carol Smith

Sworn to before me this
1st day of September, 2015

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. 01ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*

1

Label Matrix for local noticing
0207-8
Case 8-14-75672-ast
Eastern District of New York
Central Islip
Tue Sep  1 11:03:33 EDT 2015

290 Federal Plaza
Central Islip, NY 11722-4437


Accu Data Payroll
95 W Old Country Road
Hicksville, NY 11801-4023


BP Products North America, Inc.
Attn: S. Wozniak
28301 Ferry Road
Warrenville, IL 60555-3018


Core-Mark Midcontinent
PO Box 1450
100 West End Rd.
Wilkes Barre, PA 18706-5449


Enid Nagler Stuart, Ass't Attorney Gene
Attn'y for NYS Dep't of Taxati
120 Broadway 24th floor
New York, NY 10271-0002


Frank Kestgar
18 Dove Lane
Bay Shore, NY 11706-7621


Garber Bros Inc.
1 Kay Way
Stoughton MA 02072-1036


General Petroleum Supplies, Inc.
338 Singingwood Drive
Holbrook, NY 11741-2829


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Carman Development Corp.
701 Montauk Highway
Bay Shore, NY 11706-8220


A-Expert Extermination
Control
1782 Coney Island Ave
Brooklyn, NY 11230-6502


BK Fire Suppression &
Security Systems
826 Suffolk Avenue
Brentwood, NY 11717-4404


Bingham McCutchen LLP
399 Park Ave
New York NY 10022-4689


Core-Mark Midcontinent, Inc.
c/o Wilson, Elser, Moskowitz
Edelman & Dicker, LLP
677 Broadway
Albany, NY 12207-2989


Forchelli, Curto, Deegan,
Schwartz, Mineo & Terrana
333 Earle Ovington Blvd
Suite 1010
Uniondale, NY 11553-3645


GE Capital
280 Park Avenue
8th Floor
New York, NY 10017-1216


Garber Bros Inc.
PO Box 296
Randolph MA 02368-0296


Hardip Singh
39 Alpine Lane
Hicksville, NY 11801-4431


Island Pump & Tank
40 Doyle Court
East Northport, NY 11731-6405


Core-Mark Midcontinent, Inc.
100 West End Road
Wilkes-Barre, PA 18706-5449


Absolute Control
HVAC Corp.
962 W Sunrise Highway
West Babylon NY 11704-6109


BP Products NOrth America Inc.
30 South Wacker Drive, 9th Floor
Chicago, IL 60606-7413
Attn: Robert Ross


Cablevision
PO Box 371378
Pittsburgh, PA 15250-7378


Cullen & Dykman LLP
Attn: Matthew Roseman
100 Quentin Roosevelt
Boulevard
Garden City, NY 11530-4850


Frank Keshtgar
c/o Moritt Hock & Hamroff LLP
Attn. Theresa A. Driscoll
400 Garden City Plaza
Garden City, NY 11530-3327


GE Capital Commercial Inc.
Rebecca Whipkey
GE Capital Franchise Finance
8377 East Hartford Dr., Suite 200
Scottsdale, Arizona 85255-5687


Gasda
372 Doughty Blvd
Suite 2C
Inwood, NY 11096-1366


High Point Engineering LLC
521 Conklin Street
Farmingdale NY 11735-2621


Jamaica Ash
172 School Street
Westbury, NY 11590-3300

Jamaica Ash & Rubbish Company Inc
PO Box 833
Westbury, NY 11590-0833

Jonathan M. Agudelo
Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-7649

Kelley Drye & Warren, LLP
Attn: Jason R. Adams
101 Park Ave.
New York, NY 10178-0062

LaVelle & Menechino LLP
57 East Main Street
Patchogue, NY 11772-3101

Long Island Signs &
Lighting, Corp.
29 Sarah Drive
Farmingdale, NY 11735-1209

Long Island Signs & Lighting Corp.
656C. N. Wellwood Avenue
Lindenhurst, NY 11757-1694

Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530-3327

NYS Assessment
Receivables
PO Box 4127
Binghamton, NY 13902-4127

NYS DEPT OF TAX & FINANCE
BANKRUPTCY SECTION
PO BOX 5300
ALBANY, NY 12205-0300

NYS Department of
Taxation & Finance
Bankruptcy Unit
PO Box 5300
Albany, NY 12205-0300

NYS Department of
Taxation and Finance
Attn: Office of Counsel
Bldg 9 WA Harriman Campus
Albany, NY 12227-0001

NYS Dept Of Taxation &
Finance Bankruptcy Unit -
TCD - Building 8, Rm 455
W.A.Harriman State Campus
Albany, NY 12227-0001

Nassau County Treasurer
1 West Street
First Floor
Mineola, NY 11501-4813

Nassau County Treasurer
c/o Office of the County Attorney
Attn: Patrick R. Gallagher, Esq.
1 West Street
Mineola, NY 11501-4813

Nassau County Treasurer
c/o Office of the County Attorney
Attn: Patrick R. Gallagher, Esq.
1 West Street
Minoela, NY 11501-4813

New York Commercial
Bank
Attn: Andrew Baltz
102 Duffy Ave. 4th Floor
Hicksville, NY 11801-3630

New York Commercial Bank
c/o Cullen and Dykman LLP
Attn: Matthew Roseman and Bonnie Pollack
100 Quentin Roosevelt Blvd.
Garden City, NY 11530-4850

New York State Department of Labor
State Office Campus
Building # 12, Room # 256
Albany, NY 12240-0001

Newsday LLC
235 Pinelawn Rd
Melville NY 11747-4250

PSEG Long Island
Customer Relations
PO Box 888
Hicksville, NY 11802-0888

Palliuadakkethil Thomas
4 Wildwood Road
Hicksville, NY 11801-5631

RWE Distributors, Inc.
222 Sherwood Avenue
Suite 2
Farmingdale, NY 11735-1730

Sudheer Kumar
60 Prince Lane
Westbury, NY 11590-6245

Sudheer Kumar
c/o: Stuart R. Berg PC
1205 Franklin Ave., Suite 380
Garden City, NY 11530-1624

Surendra Bastola
11 Herzog Pl
Hicksville, NY 11801-2861

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4456

Warex Terminals Corp
1 South Water Street
Newburgh, NY 12550-4604

Warex Terminals Corporation
c/o Global Partners LP
800 South St., Suite 500
Waltham, MA 02453-1439

Westerman, Ball, Ederer,
Miller, Zucker &
Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556-1103

Kenneth Geller
166 Hendrickson Avenue
Rockville Centre, NY 11570-5806