UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Firm ID 11-2671938
Pres. Date: 12/14/15 9:30 a.m.

-------------------------------------------------------x

In Re:

Chapter 11

Carman Avenue Development Corp.,

Case No.:  14-75672-AST

Debtor.

-------------------------------------------------------x

## NOTICE OF PRESENTMENT OF OBJECTION TO CLAIM

SIR/MADAM:

**PLEASE TAKE NOTICE** that an order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **December 14, 2015  @ 9:30 a.m.** The proposed order will seek an order disallowing claims as specifically set forth in the application annexed and in compliance with Bankruptcy Rule 3007, together with such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the

1

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASC II) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and served so as to be received by Macco & Stern, LLP.,135 Pinelawn Road, Suite 120S, Melville, New York 11747, Attn:  Cooper J. Macco, Esq. no later than **December 11, 2015 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are received the Court may enter an order granting the relief sought without further notice or hearing.  In the event that objections are timely received by the Court, the Court will schedule a hearing to consider the objections at a date and time to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections are filed the Court shall conduct a hearing on a date to be determined by the Court.

Dated:  Melville, New York
       November 9, 2015

                MACCO & STERN, LLP.
                Attorneys for the Debtors

                By:     /s/ Michael J. Macco
                  MICHAEL J. MACCO
                  135 Pinelawn Road, Suite 120S
                  Melville, NY  11747
                  (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:                                                          Case No. 14-75672 (AST)

Carman Avenue Development Corp.,                                 Chapter 11

                                           Debtor

---------------------------------------------------------------- x

## DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM

Carman Avenue Development Corp. (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, hereby moves the Court for an order disallowing the proof of claim assigned claim number 4 (the "Claim") filed by High Point Engineering LLC (the "Claimant"), and respectfully sets forth as follows:

### BACKGROUND

1.     The Court has jurisdiction to consider this motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are §502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007.1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

### BACKGROUND

2.     On December 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.     On January 20, 2015, Claimant filed the Claim in the general unsecured amount of $2,985.51 (the "Claim Amount"). A copy of the Claim is annexed hereto as **Exhibit A**.

4.     The Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108.   To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

## **OBJECTION**

5.     Pursuant to Bankruptcy Code §502(b):

> [I]f . . . an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> > (1)     Such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than such claim is contingent or unliquidated . . .

6.     Additionally, pursuant to Bankruptcy Rule 3007(a), "[a]n objection to the allowance of a claim shall be in writing and filed.   A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."

7.     Debtor objects to the Claim on the grounds that the Debtor paid the invoice underlying the Claim.

8.     Accordingly, the Debtor believes the Claim should be disallowed in its entirety.

9.     No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the Court enter an order disallowing the Claim and granting such further and different relief as the Court deems just and proper.

Dated: October __, 2015
Melville, NY

**MACCO & STERN, LLP**
Attorneys for the Debtors

By: _____
Michael J. Macco
A Member of the Firm
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Eastern District of NY- Central Islip | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor:<br><br>Carman Development Corp. | Case Number:<br><br>14-75672 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

2015 JAN 20  P 2: 49

RECEIVED

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>High Point Engineering LLC | |
|---|---|
| Name and address where notices should be sent:<br>High Point Engineering LLC<br>521 Conklin Street<br>Farmingdale, NY 11735<br><br>Telephone number: (516) 777-4320    email: ctartaglia@hpeng.com | **COURT USE ONLY**<br><br>☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>    *(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:        email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**        $_____2,985.51

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Non payment for Professional Services provided/returned ck.
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>7 3 4 6 | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

| **4. Secured (See instruction #4)**<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____<br><br>**Annual Interest Rate**_____% ☐ Fixed  or  ☐ Variable<br>(when case was filed) | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**<br><br>$_____<br><br>**Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____<br><br>**Amount Unsecured:** $_____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | **Amount entitled to priority:**<br><br>$_____ |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___). | |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

2

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Chris Tartaglia
Title:  Principal
Company:  High Point Engineering LLC
Address and telephone number (if different from notice address above):    (Signature)    1/14/15
(Date)

Telephone number: (516) 777-4320    email: ctartaglia@hpeng.com

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing.  Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**Capital One Bank**
P.O. Box 85504
Richmond, VA 23285-5504
Date: December 30, 2014  Advice D-101048

*Acct: 81/4624032845*

*Sub: 0*

*Cash Item:/*

THE FOLLOWING IS A LIST OF CHECK(S)
DEPOSITED BY YOU THAT HAVE BEEN RETURNED
UNPAID.

| **Reason** | **Seq #** | **Item Amount** |
|---|---|---|
| Frozen / Blocked Account | 13001381 | $2,985.51 |

*KESH05-002*
*INV# 7346*

HIGH POINT ENGINEERING, LLC
521 CONKLIN ST
FARMINGDALE NY        11735-2621

1 Item(s) Charged Back Totaling $2,985.51

Advice Total:        $2,985.51  D        Branch: 47430

⑅40 2333 189⑆: 46 2403 2845⑈ ⑇101048⑈

*065000090*
12/30/2014
13001381

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON—F
FROZEN/BLOCKED ACCOUNT

[065000090] 37115528 12/24/2014



## FROZ/BLOCK ACC

4764

CARMAN DEVELOPMENT CORP.
865 CARMAN AVENUE
WESTBURY, NY 11590

New York
COMMERCIAL BANK
50-1211-214

12/12/2014

PAY TO THE
ORDER OF    HIGH POINT ENGINEERING, LLC                          $ **2,985.51

Two Thousand Nine Hundred Eighty-Five and 51/100***************************  DOLLARS

HIGH POINT ENGINEERING, LLC
521 CONKLIN STREET
FARMINGDALE NY 11735

MEMO
INVOICE # 7346                          AUTHORIZED SIGNATURE

⑈004764⑈ ⑆021412114⑆ ⑇01300 28091⑈

⑈004764⑈  ⑆021412114⑆        01300 28091⑈  ⑇0000 298551⑆

Received payment for Invoice# 7346 on 12/24/14
Their check # 4764, came BACK Returned.
Account was frozen.

# High Point Engineering LLC

# Invoice

521 Conklin Street
Farmingdale, NY 11735

Phone # 516-777-4320  Fax # 516-777-4321

| Date | Invoice # |
|------|-----------|
| 11/3/2014 | 7346 |

| **Bill To** |
|-------------|
| Kesh Co. Marketing<br>701 Montauk Highway<br>West Bayshore, NY 11706<br>Attn:  Mr. Steve Keshtgar |

| **Site Address** |
|------------------|
| GSS Application<br>865 Carman Avenue<br>East Meadow, NY |

| **HPE Project #** |
|-------------------|
| KESH05-002 |

| Description | Amount |
|-------------|--------|
| Provide Professional Services during the period 6/9/14 to 10/24/14 (3 months) associated with preparation of revised plans and applications for proposed canopy installation. Convenience store component had to be eliminated given significant Civic Association and Town resistance to same. | |
| Time and Materials billing is as follows: | |
| Principal: 4.50 hours @ $155.00/hour: | 697.50 |
| Permit Coordinator: 10.50 hours @ $70.00/hour: | 735.00 |
| Administrative Assistant: 0.50 hours @ $45.00/hour: | 22.50 |
| Design Engineer: 11.75 hours $85.00/hour: | 998.75 |
| Senior Drafter: 5.50 hours @ $85.00/hour: | 467.50 |
| Project Manager: 0.50 hours @ $105.00/hour: | 52.50 |
| Reimbursable Expenses: | |
| Mileage: 21 miles @ $.56/mile: | 11.76 |

| We appreciate the opportunity to be of service.<br>Invoice is due and payable upon receipt. Prompt payment is appreciated. | **Total** | $2,985.51 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                              Case No. 14-75672 (AST)

Carman Avenue Development Corp.,                                    Chapter 11

                                    Debtor
-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK)s:-

    Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

    On November 9, 2015 deponent served the within DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

High Point Engineering LLC
521 Conklin Street
Farmingdale, NY  11735

                                       Carol Smith

Sworn to before me this
9th day of November, 2015

*/s/ Janine M. Zarrilli*
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. O1ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*